UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MOB HOLDINGS, I, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2183** |
| **STARR SURPLUS LINES INSURANCE COMPANY** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this first-party-insurance case is the opposed motion[1] of Defendant Starr Surplus Lines Insurance Company to transfer this case to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a). Invoking *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), Defendant contends that Section 1404(a) requires the Court to transfer this case because the insurance contract that forms the basis of Plaintiffs' breach-of-contract and bad-faith claims contains an enforceable forum-selection clause that mandates litigation in New York. Plaintiffs rejoin that Defendant "waived" the forum-selection clause by waiting too long to invoke it; that the language of the policy does not reflect bilateral agreement to litigate in New York; and that, even if the clause were enforceable, the Court should stay transfer pending the parties' completion of the Streamlined Settlement Program (SSP) under the Case Management Order for Hurricane Ida claims.

---

[1] ECF No. 11.

None of Plaintiffs' counterarguments persuades. Ultimately, Plaintiffs have not carried their burden to overcome the "strong presumption" that the policy's mandatory forum-selection clause is enforceable. *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 248 (5th Cir. 2023) (citation and quotation omitted). Nor have Plaintiffs shown that, "[u]nder *Atlantic Marine*'s balancing test, the case is one of the rare cases in which the public-interest factors favor keeping a case despite the existence of a valid and enforceable forum-selection clause." *Id.* (internal citation, quotation, and brackets omitted). Accordingly, for these reasons and those that follow, Defendant's motion to transfer venue is **GRANTED**.

## I. BACKGROUND

This dispute arises from Defendant's alleged failure to timely and adequately pay proceeds allegedly due under a commercial property insurance policy covering 16 New Orleans-area properties that were damaged during Hurricane Ida.[2]

Plaintiffs are eight limited liability companies that own commercial properties in Louisiana.[3] Defendant issued one commercial property insurance policy bearing Policy No. SLSTPTY11382420 (the "Policy") covering the sixteen[4] of Plaintiffs'

---

[2] *See* ECF No. 1 at ¶¶ 264–71.

[3] *See id.* at ¶¶ 5–12. Plaintiffs are Mob Holdings1, LLC; Optasia I, LLC; SC 3 Properties, LLC; EJMOB, LLC; HR Holdings, LLC; MOB Holdings II, LLC; 3621 Veterans, LLC; and 3939 DR1, LLC. *See id.* at ¶ 1(A)–(H).

[4] The properties are 3000 West Esplanade, Metairie, LA 70002; 3712 MacArthur Blvd., New Orleans, LA 70114; 3901 Houma Blvd., Plaza 1 Metairie, LA 70002; 3901 Houma Blvd., Plaza 2 Metairie, LA 70002; 1200 Pinnacle, Covington, LA 70433; 2920 Kingman Street, Metairie, La. 70006; 5800 Plauche Court, Elmwood, La. 70123; 3333 Kingman, Metairie, La. 70006; 3000 Kingman, Metairie, La. 70006; 3530 Houma, Metairie, La. 70002; 4201 Veterans Boulevard (Building 1) Metairie, La. 70006; 4201 Veterans Boulevard (Building 2) Metairie, La. 70006; 4241 Veterans Boulevard (Building 3) Metairie, La. 70006; 3621 Veterans Boulevard, Metairie, La. 70003; 3939 Houma Blvd., Building 1, Suites 2-A, 2-B, 2-C, 2-D, and 2-E, Metairie, La. 70006; and 3939 Houma Blvd., Suite 3-H, Building 2, Metairie, LA 70006. *See id.* at ¶¶ 5–12.

properties that are involved in this litigation.[5] The Policy features a mandatory forum-selection clause requiring suits against Defendant to be brought in New York:

> No suit, action, or proceeding regarding this POLICY for the recovery of any claim shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the requirements of this POLICY. The COMPANY agrees that any suit, action, or proceeding against it for recovery of any claim under this POLICY shall not be barred if commenced within the time prescribed in the statutes of the State of New York. **Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York.** The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles.[6]

After the properties "sustained extensive damage"[7] during Hurricane Ida, Plaintiffs made property-damage claims under the Policy; the claims were assigned the same claim number.[8] For each property, Plaintiffs allege that Defendant "failed to timely and reasonably adjust the loss to the insured premises and adequately respond to the formal proof of loss,"[9] and that Defendant "unjustifiably failed and/or refused to perform its obligations under the [P]olicy and . . . wrongfully or unfairly limited payment on the Plaintiffs' claim[s]."[10] Ultimately, Plaintiffs sued Defendant in this Court, alleging that Defendant breached the Policy and violated its duty of good faith under Sections 22:1973 and 22:1892 of the Louisiana Revised Statutes.[11]

---

[5] *Id.*
[6] ECF No. 11-2 at 27 (§12 (e) (emphasis added)).
[7] ECF No. 1 at ¶ 26.
[8] *See id.* at ¶¶ 31, 45, 55, 64, 77, 88, 101, 120, 138, 151, 162, 174, 186, 198, 210, 222.
[9] *Id.* at ¶ 253.
[10] *Id.* at ¶ 255.
[11] *Id.* at ¶¶ 264–66 (breach of the Policy) 267–71 (breach of duty of good faith and fair dealing).

Now, Defendant moves the Court to transfer this case to the United States District Court for the Southern District of New York under Section 1404(a), *Atlantic Marine*, and the Policy's mandatory forum-selection clause.[12] Plaintiffs oppose.[13]

## II.  LEGAL STANDARD

Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The "usual" Section 1404(a) transfer analysis requires the Court to "consider[] various private- and public-interest factors." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016). "The private-interest factors include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 766–67 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

"The public-interest factors include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 767 (quoting *Piper Aircraft Co.*, 454 U.S. at 241 n.6). In the "usual" Section 1404(a) transfer analysis, "[a] plaintiff's choice of forum is given

---

[12] ECF No. 11.
[13] ECF No. 13.

'some'—significant but non-determinative—weight." *Id.* (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 62 n.6). But "[t]he existence of a mandatory, enforceable [forum-selection clause] dramatically alters" the "usual" Section 1404(a) transfer analysis in at least three ways. *Id.* at 766, 767.

First, "the plaintiff's choice of forum 'merits no weight'; instead [the plaintiff] has the burden of establishing that § 1404(a) transfer . . . is unwarranted." *Id.* at 767 (citing *Atl. Marine Constr. Co.*, 571 U.S. at 63).

"And second, the court should not consider the private-interest factors: Because the parties have contracted for a specific forum, they 'waive the right to challenge their preselected forum as inconvenient.'" *Id.* (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 63) (ellipses omitted). "Instead, the court should consider *only* public-interest factors." *Id.* (citing *Atl. Marine Constr. Co.*, 571 U.S. at 63). "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine Constr. Co.*, 571 U.S. at 64. "Cases in which the public-interest factors are sufficiently strong to outweigh a valid [forum-selection clause] 'will not be common.'" *Weber*, 811 F.3d at 767 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 64).

Third and finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum [Section] 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine Constr. Co.*, 571 U.S. at 64 (citing *Piper Aircraft Co.*, 454 U.S. at 241 n.6).

Ultimately, "[w]hen parties have contracted in advance to litigate disputes in a particular forum," as the parties have done here, "courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 66. "In all but the most unusual cases, therefore, the interest of justice is served by holding parties to their bargain." *Id.*

The Fifth Circuit "appl[ies] a 'strong presumption' in favor of enforcing mandatory forum-selection clauses." *Noble House, L.L.C*, 67 F.4th at 248 (quoting *Weber*, 811 F.3d at 773). That "presumption of enforceability may be overcome . . . by a clear showing that the clause is 'unreasonable' under the circumstances." *Weber*, 811 F.3d at 773 (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)). A clause may be considered "unreasonable" if "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Haynsworth*, 121 F.3d at 963 (citations omitted).

"Federal law determines the clause's enforceability." *Noble House, L.L.C.*, 67 F.4th at 249 (citing *Haynsworth*, 121 F.3d at 962). "If the forum-selection clause is both mandatory and enforceable, the court must decide whether, under *Atlantic Marine*'s balancing test, the case is one of the rare cases in which the public-interest factors favor keeping a case despite the existence of a valid and enforceable forum-selection clause." *Id.* (internal citation, quotation, and brackets omitted).

6

## III. ANALYSIS

Invoking Section 1404(a) and *Atlantic Marine*, Defendant moves the Court to transfer this case to the Southern District of New York based on the Policy's forum-selection clause. The Court's analysis proceeds in three steps. First, the Court asks if the forum-selection clause is mandatory. It is. Second, the Court asks if Plaintiffs have carried their burden to overcome the strong presumption in favor of enforcing the mandatory forum-selection clause. They have not. And third, the Court asks if this is one of the rare cases in which the public-interest factors favor keeping the case despite the existence of a valid and enforceable forum-selection clause. It is not.

### A.    The Forum-Selection Clause is Mandatory.

The Policy's forum-selection clause is mandatory.[14] "A mandatory [forum-selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum." *Weber*, 811 F.3d at 768. A forum-selection clause "is mandatory only if it contains clear language specifying that litigation *must* occur in the specified forum." *Id.* (italics in original). The Policy's forum-selection clause is mandatory because it specifies that litigation must occur in New York: "Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York."[15] "Having concluded that the [forum-selection clause] is mandatory," the Court "must decide whether it is enforceable." *Id.* at 773. The Court concludes that it is.

---

[14] Plaintiffs do not dispute that the forum-selection clause is mandatory. ECF No. 13 at 1–22.
[15] ECF No. 11-2 at 27 (§12 (e)).

7

## B.   The Forum-Selection Clause is Enforceable.

The Policy's forum-selection clause is enforceable, and Plaintiffs fail to overcome the "strong presumption" favoring enforcement of it. *Id.* (citing *Haynsworth*, 121 F.3d at 962–63). To overcome that "strong presumption" here, Plaintiffs must make "a clear showing that the clause is 'unreasonable' under the circumstances," *id.* (quoting *Haynsworth*, 121 F.3d at 963), because:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963 (citations omitted).

Plaintiffs make no argument that the forum-selection clause is "unreasonable" on any of those grounds.[16] So, Plaintiffs fail to carry their burden to make "a clear showing that the clause is 'unreasonable' under the circumstances," *Weber*, 811 F.3d at 773 (quoting *Haynsworth*, 121 F.3d at 963), and Plaintiffs thus fail to overcome the "strong presumption" favoring enforcement of the Policy's forum-selection clause, *id.*

Although Plaintiffs do not contend that the forum-selection clause is "unreasonable" on any of the grounds authorized by Fifth Circuit precedent, Plaintiffs do oppose enforcement of the clause on three other grounds. None has merit.

---

[16] ECF No. 13 at 1–22.

First, Plaintiffs contend that Defendant "waived" enforcement of the Policy's mandatory forum-selection clause by failing to timely opt out of the SSP and by "fail[ing] to alert Plaintiffs of the applicable venue and choice of law provisions despite having significant time to do so."[17] Plaintiffs are incorrect.

As a legal matter, Plaintiffs cite no authority that supports the proposition that a Section 1404(a) movant "waives" enforcement of a mandatory forum-selection clause that is presumed enforceable under federal law merely by participating in a court-ordered settlement program pending disposition of a motion to transfer based on the forum-selection clause. And the Court is aware of no such authority. Nor do Plaintiffs cite authority that supports imposing on Defendant an obligation to "alert Plaintiffs of the applicable venue and choice of law provisions" within a specified time or risk waiving an otherwise mandatory, enforceable forum-selection clause.[18]

Those legal obstacles aside, as a factual matter, there is no basis to hold Defendant to waiver of the Policy's mandatory forum-selection clause. Defendant moved to transfer based on the forum-selection clause on July 26, 2023, the date Defendant's responsive-pleading was due.[19] Twenty days later, while its motion to transfer was pending, Defendant moved to opt out of the SSP based on the Policy's mandatory forum-selection clause.[20] Defendant's litigation conduct—promptly moving for Section 1404(a) transfer and then seeking to opt out of the SSP based on the pending motion to transfer—is entirely consistent with Defendant's intent to

---

[17] *Id.* at 11.
[18] *Id.*
[19] ECF No. 11.
[20] ECF No. 12.

9

enforce its rights under the Policy's mandatory-forum selection clause. *Cf. Steptore v. Masco Const. Co.*, 93-2064, p. 4 (La. 8/18/94); 643 So. 2d 1213, 1216 (observing that a party may waive a right if its conduct is "so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished").[21]

Next, Plaintiffs contend that the Court should not enforce the forum-selection clause because the Policy does not reflect Plaintiffs' agreement to the forum-selection clause. Plaintiffs are incorrect. The forum-selection clause unambiguously requires any suit against Defendant to be brought in New York: "Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York."[22] *Contra* Plaintiffs' contention, this is not "a unilateral declaration on the part of the insurer";[23] it is one of the "terms of this policy" under which Defendant "agree[d] with [Plaintiffs] to provide the insurance as stated in this policy."[24] Plaintiffs, for their part, cite no authority supporting the proposition that a forum-selection clause is unenforceable simply because the forum-selection clause itself does not contain a recitation of the contracting parties' agreement to be bound by the clause. It is unambiguously clear from the declarations page and from the overall context of the

---

[21] Plaintiffs appear to assume Louisiana law controls the question whether Defendant waived enforcement of the Policy's forum-selection clause. But the question is an open one: "As [the Fifth Circuit] has noted, 'there is a lack of authority determining whether federal or state law principles control the standard for determining a party's waiver of rights under a forum selection clause.'" *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 426 (5th Cir. 2016) (quoting *Wellogix, Inc. v. SAP Am., Inc.*, 648 F. App'x 398, 401 (5th Cir. 2016)). The Court need not—and so it does not—decide which law applies because Plaintiffs fail to establish grounds for waiver under Louisiana law, which is the only law Plaintiffs have adequately briefed. *See* ECF No. 13 at 8–11.

[22] ECF No. 11-2 at 27 (§12 (e)).

[23] ECF No. 13 at 18.

[24] ECF No. 11-2 at 4 (Declarations) (capitalization and boldface omitted).

Policy that the forum-selection clause is "one of the terms of this policy" to which Plaintiffs and Defendant "agree."[25] No further clause-specific recitation was needed. *Accord, e.g., Ness Healthcare NFP v. Starr Surplus Lines Ins. Co.*, No. 23-CV-3021, 2023 WL 6976892, at *2–5 (E.D. La. Oct. 23, 2023) (enforcing identical forum-selection clause); *Alexandria Lodging Partners, L.L.C. v. Starr Surplus Lines Ins. Co.*, No. 1:22-CV-1363, 2023 WL 6446246, at *4–5 (W.D. La. Sept. 8, 2023) (same), *report and recommendation adopted*, 2023 WL 6447326, at *1 (W.D. La. Sept. 29, 2023).

Finally, and alternatively, Plaintiffs contend that the Court should stay Defendant's motion to transfer pending the parties' completion of the SSP.[26] Plaintiffs submit that requiring this case to remain in the SSP "will facilitate the most efficient resolution of this matter," whereas transferring the case to the Southern District of New York would prove costly and inefficient.[27] Plaintiffs cite no authority empowering the Court to override a mandatory, enforceable forum-selection clause for reasons of efficiency and expense. And that is for good reason. Plaintiffs' efficiency and expense concerns are functionally the same as certain private-interest factors that *Atlantic Marine* directs districts courts not to consider when evaluating motions to transfer based on forum-selection clauses. *See Atl. Marine Constr. Co.*, 571 U.S. at 64. More fundamentally, district courts simply do not have discretion to disregard a mandatory, enforceable forum-selection clause that is raised in a transfer motion and that satisfies *Atlantic Marine*'s balancing test. *See, e.g., In re Lloyd's Register N. Am.*,

---

[25] *Id.* (Declarations) (capitalization and boldface omitted).
[26] ECF No. 13 at 20–21.
[27] *Id.* at 21.

11

*Inc.*, 780 F.3d 283, 291 (5th Cir. 2015) (granting writ of mandamus to correct the district court's "clear abuse of discretion" and "patent[] err[or]" in "fail[ing] to enforce a valid forum-selection clause" under *Atlantic Marine*); *In re Mt. Hawley Ins. Co.*, No. 22-30111, 2022 WL 5360188, at *1 (5th Cir. Apr. 28, 2022) (per curiam) (granting writ of mandamus directing the district court to transfer case to the Southern District of New York in accordance with mandatory, enforceable forum-selection clause).

Accordingly, because the Policy's forum-selection clause is both mandatory and enforceable, "[t]he only remaining question is whether this is one of the rare cases in which the public-interest . . . factors favor keeping a case despite the existence of a valid and enforceable [forum-selection clause]." *Weber,* 811 F.3d at 775–76. It is not.

### C. The Public-Interest Factors Do Not Defeat Enforcement of the Mandatory Forum-Selection Clause.

Plaintiffs have not met their heavy burden to show that "this is one of the rare cases in which the public-interest . . . factors favor keeping a case despite the existence of a valid and enforceable [forum-selection clause]."*Id.* Those public-interest factors include "[1] administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 260 n.6.

Plaintiffs necessarily fail to show that the public-interest factors defeat enforcement of the Policy's mandatory forum-selection clause because Plaintiffs do

not argue that the public-interest factors defeat Defendant's motion to transfer under *Atlantic Marine*.[28] At best, Plaintiffs implicitly reference a single public-interest factor—"the local interest in having localized controversies decided at home," *Piper Aircraft Co.*, 454 U.S. at 260 n.6—when Plaintiffs assert that this case is "highly localized in the Eastern District" because it "involves sixteen . . . Louisiana commercial properties" located in the Eastern District.[29] But the mere fact that this case involves within-district property does not transform it into the "truly extraordinary case[]" in which a mandatory, enforceable forum-selection clause may be overridden. *Weber*, 811 F.3d at 776. The involvement of within-district property, standing alone, "manifestly is not the sort of exceptional circumstance that justifies disregarding the parties' agreement on public-interest-factor grounds." *Id*. If it were, then mandatory, enforceable forum-selection clauses could be disregarded in every first-party property-insurance dispute. That "proposed rule would nullify the Supreme Court's clear directive to reserve, for truly exceptional cases, the step of disregarding the parties' agreement that a case should be litigated elsewhere." *Id*.

\*   \*   \*

In sum, the Policy's forum-selection clause is (1) mandatory and (2) enforceable, and (3) the public-interest factors do not defeat enforcement of it. *Atlantic Marine* therefore requires the Court to grant Defendant's motion to transfer.

---

[28] *See* ECF No. 13 at 1–22.
[29] *Id*. at 15.

13

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Starr Surplus Insurance Company's motion[30] to transfer venue is **GRANTED**. In accordance with 28 U.S.C. § 1404(a) and the Policy's mandatory forum-selection clause, this case is **TRANSFERRED** to the United States District Court for the Southern District of New York. The motion[31] to opt out of the Streamlined Settlement Program is **DENIED** as moot.

New Orleans, Louisiana, this 17th day of June, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[30] ECF No. 11.
[31] ECF No. 12.